IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

01 AUG 21  PH 4: 22

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| CARLA JEAN WASHINGTON, as the<br>next friend of TIFFANY MARSHAY<br>WASHINGTON, a minor,<br><br>       Plaintiff,<br><br>vs.<br><br>JIMMY THOMPSON, an individual;<br>BETTIE C. WOODS, an individual;<br>NANCY CAMPBELL, an individual;<br>GREGORY O. SANDERS, an individual;<br>ANN COMBS, an individual; MICHELLE<br>DENN, an individual; JACKLAN A.<br>BOOKER, an individual; ANN<br>MCDANIEL, an individual;<br><br>       DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No._____<br><br>CV-01-AR-2110-S |

## COMPLAINT

### Jurisdictional and Factual Allegations

1.  Plaintiff, Carla Washington, brings this action for injunctive relief and monetary damages on behalf of her minor daughter, who is and was at the time of the events made the basis for this action under the age of nineteen (19), for the violations of her rights under color of State Law by defendant.  Jurisdiction is pursuant to 42 U.S.C. 1983, and 28 U.S.C. 1343 and The Constitution of the United States.

2.  Plaintiff, Carla Washington, is over nineteen years of age and is a resident of Tuscaloosa County, Alabama, and a citizen of the United States.  The minor child is under the age of nineteen years and is a resident of Tuscaloosa County, Alabama.

3.     The defendants upon information and belief are or were employees at the Brewer-Porch Children's Center(hereinafter sometimes "BPCC"), a children's drug and behavioral rehabilitation facility affiliated with The University of Alabama and located in the Northern District of Alabama.

4.     The defendant, Jimmy Thompson , an individual citizen of the State of Alabama and is sued in his official capacity as a Director of the Brewer-Porch Children's Center.

5.     The defendant, BETTIE C. WOODS , an individual citizen of the State of Alabama and is sued in his official capacity as a Director of the Brewer-Porch Children's Center.

6.     The defendant, NANCY CAMPBELL , an individual citizen of the State of Alabama and is sued in his official capacity as a Director of the Brewer-Porch Children's Center.

7.     The defendant, GREGORY O. SANDERS , an individual citizen of the State of Alabama and is sued in his official capacity as an employee of the Brewer-Porch Children's Center.

8.     The defendant, ANN COMBS, an individual citizen of the State of Alabama and is sued in his official capacity as  as an employee of the Brewer-Porch Children's Center.

9.     The defendant, MICHELLE DENN, an individual citizen of the State of Alabama and is sued in his official capacity as  as an employee of the Brewer-Porch Children's Center.

10.    The defendant, JACKLAN A. BOOKER, an individual citizen of the State of Alabama and is sued in his official capacity as  as an employee of the Brewer-Porch Children's Center.

11.    The minor was, at all times relevant  hereto, receiving treatment from the Brewer Porch Children's Center and on the date of the alleged incident was being treated and living at an in-house program at the facility.

## Factual Allegations

12.     The minor child was admitted to the Crisis Stabilization Unit of the BPCC on July 19, 1999 for "psychotic disorders" and various acting out problems which was believed to have been a result of a previous sexual assault by her step-father.

13.     BPCC was to provide in-house treatment for the minor in an attempt to help her treat and overcome her behavioral problems and the underlying causes.

14.     Upon information and belief, on Saturday, August 21, 1999 alarms which had been placed on the rooms for the safety and protection of the residence were either not properly function or had been disabled permanently or temporarily.

15.     The condition of the alarms was known to the defendants.

16.     Upon information and belief, on Saturday, August 21, 1999 the locks on the doors of the room in which the minor was staying were either not properly functioning or had been disabled or unlocked either permanently or temporarily.

17.     The condition of the locks was know to the defendants.

18.     Between approximately 9 and 10 p.m., the minor was sexually assaulted by a 9 year old boy, also a resident at the BPCC, who gained access to her room.

19.     Upon information and belief, the staff person responsible for monitoring the rooms and residents, Michelle Denn, took a break, when she returned, she found the minor restless in her bed and observed her without her shorts on and putting her underwear back on.  A report of this was made at 10:00 p.m. and no follow up or further investigation occurred at this time.

20.     Upon information and belief, the minor reported the incident to Michelle Denn and Ann McDaniel on the afternoon of August 22, 1999 at approximately 3:00 in the afternoon.

The minor reported that a young boy had "put his private parts into her private parts" the night before.

21.     The minor's mother, Carla Washington, was not notified of the incident until the following day, August 23, 1999.

## COUNT I

22.     Plaintiff incorporates and realleges paragraphs 1 through 21 as if fully set forth herein.

23.     Plaintiff avers that the defendants, separately and severally failed to perform ministerial duties, which included properly supervising the plaintiff and other individuals seeking treatment at the facility.

24.     Plaintiff avers that the defendants, separately and severally, failed to perform ministerial duties, which included securing, maintaining and providing safe rooms and housing with proper locks, alarms and supervision to protect plaintiff against undue invasion of her privacy and undue bodily harm.

25.     Plaintiff avers that the defendants, separately and severally, failed to perform ministerial duties by not properly hiring, training and/or supervising subordinates and employees; by failing to provide such minimally adequate training as is required to ensure safety and freedom from restraint  in violation of plaintiff's "substantive due process" rights" of the Fourteenth Amendment to the Constitution and other applicable federal law.

26.     Plaintiff avers that she has and at the time of the alleged incident had constitutional and federally protected rights under the Fourteenth Amendment and federal law, to reasonably safe conditions of confinement, freedom from invasion of privacy and from unreasonable bodily restraints, freedom from bodily harm and to such minimally adequate

training as is required to ensure safety and freedom from restraint, invasion of privacy and bodily harm.

27.     Plaintiff avers that the defendants, separately and severally, violated any and all of these constitutional and federally protected rights in performing or failing to perform ministerial duties.

28.     Plaintiff avers that objective persons in similar capacities to the defendants would have known that their conduct, acts and omissions constituted a violation of Plaintiff's Constitutional and federal rights.

29.     As a proximate result of the defendants acts and omissions in violation of plaintiff's constitutional and federal rights, the minor child suffered physical and emotion injuries from which she continues to recover and seek treatment.

### COUNT II
### (STATE LAW CLAIMS)

30.     Plaintiff incorporates and realleges paragraphs 1 through 29 as if fully set forth herein.

31.     Plaintiff avers that at all time pertinent herein, the defendants were engaged in the exercise of a ministerial function, while in the performance of their official duties in the line and scope of their employment and with the State of Alabama.  Said defendants negligently and/or wantonly exercised or failed to exercise said ministerial function in that they failed to provide plaintiff with adequate care, protection and safety.  As a proximate result of said negligent and/or wanton conduct, the minor child suffered physical and emotion injuries from which she continues to recover and seek treatment.

32.     Plaintiff avers that defendants and/or negligently and/or wantonly failed to properly supervise plaintiff's decedent. As a proximate result of said negligent and/or wanton conduct, the minor child suffered physical and emotion injuries from which she continues to recover and seek treatment.

33.     Plaintiff avers that defendants negligently and/or wantonly failed to properly supervise the staff which attended the minor child. As a proximate result of said negligent and/or wanton conduct, the minor child suffered physical and emotion injuries from which she continues to recover and seek treatment.

34.     Plaintiff avers that defendants negligently and/or wantonly inspection for compliance with prescribed ruled, standards, policies and/or regulations. As a proximate result of said negligent and/or wanton conduct, the minor child suffered physical and emotion injuries from which she continues to recover and seek treatment.

35.     Plaintiff avers that defendants negligently and/or wantonly failed to comply with departmental and/or state and local prescribed rules, standard and/or regulation regarding the proper care and treatment of residents at the facility. As a proximate result of said negligent and/or wanton conduct, the minor child suffered physical and emotion injuries from which she continues to recover and seek treatment.

36.     Plaintiff avers that defendants negligently and/or wantonly failed to provide the minor with adequate medical, psychological care, counseling, safety, and protection from undue bodily harm, assault, battery and rape. As a proximate result of said negligent and/or wanton conduct, the minor child suffered physical and emotion injuries from which she continues to recover and seek treatment.

WHEREFORE, PREMISES CONSIDERED, plaintiff seeks the following relief:

a. Appropriate declaratory and injunctive relief against defendants whereby defendants are enjoined from taking further action in violation of plaintiff's rights and from practicing the unconstitutional policies as alleged herein.

b. Appropriate monetary damages, compensating plaintiff for all damages as a result of the violation of plaintiff's rights, and all other damages to which plaintiff may be entitled under the law.

c. All costs of this action, including a reasonable attorney's fees.

d. Any other and different relief to which plaintiff may be entitled.


_____
Myles Stanley Herring, Jr.

OF COUNSEL:
RAGSDALE & WHEELER, LLC
1929 Third Avenue North
The Farley Building, Ste 550
Birmingham, Alabama 35203
Fax     (205) 251-4777
Phone  (2050 251-4775


## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY A STRUCK JURY.**


_____
Myles Stanley Herring, Jr.

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL:**

JIMMY THOMPSON
c/o Brewer-Porch Children's Center
P.O. Box 870156
Tuscaloosa, Alabama 35487-0156

BETTIE C. WOODS
c/o Brewer-Porch Children's Center
P.O. Box 870156
Tuscaloosa, Alabama 35487-0156

NANCY CAMPBELL
c/o Brewer-Porch Children's Center
P.O. Box 870156
Tuscaloosa, Alabama 35487-0156

GREGORY O. SANDERS
c/o Brewer-Porch Children's Center
P.O. Box 870156
Tuscaloosa, Alabama 35487-0156

ANN COMBS
c/o Brewer-Porch Children's Center
P.O. Box 870156
Tuscaloosa, Alabama 35487-0156

MICHELLE DENN
c/o Brewer-Porch Children's Center
P.O. Box 870156
Tuscaloosa, Alabama 35487-0156

JACKLAN A. BOOKER
c/o Brewer-Porch Children's Center
P.O. Box 870156
Tuscaloosa, Alabama 35487-0156

ANN MCDANIEL
c/o Brewer-Porch Children's Center
P.O. Box 870156
Tuscaloosa, Alabama 35487-0156